IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DESTINY BRADY, Independent Administrator of the Estate of DAMARCUS REED, deceased | ) ) ) | No. 20-cv-7745 |
| Plaintiff, | ) ) | Hon. Judge Harry D. Leinenweber |
| v. | ) ) ) | Hon. Magistrate Jeffry T. Gilbert |
| CITY OF CHICAGO, OFFICER B. Collins, #16773, Officer R. Rhodes, #12625 OFFCER N. Mukite #15038. | ) ) ) ) ) ) | |
| Defendants. | ) | JURY DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, DESTINY BRADY, Independent Administrator of the Estate of DAMARCUS REED, deceased ("Plaintiff"), by and through her attorneys, Christopher Smith Trial Group, LLC, and complaining of the Defendants CITY OF CHICAGO ("City" or Defendant City"), B. Collins, #16773, Officer R. Rhodes, #12625 and Officer N. Mukite #15038 ("Officers" or "Defendants"), states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against Defendants for committing acts under color of law and depriving Damarcus Reed of rights secured by the Constitution and for tortious conduct which violates the laws of the state of Illinois. Herein, Mr. Reed's estate brings claims for excessive force, false arrest, violation of due process, failure to intervene and malicious prosecution.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42

U.S.C., § 1983, and § 1985; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

## PARTIES

3. The Plaintiff, Ms. Destiny Brady. Independent Administrator of the Estate of Damarcus Reed, deceased, ("Independent Administrator"), is a resident of Cook County, Illinois. Ms. Brady is the mother of Mr. Reed's child.

4. Defendant City of Chicago, Police Officers B. Collins, #16773, R. Rhodes, #12625 and N. Mukite #15038 ("Defendants" or "Officers") were at the time of this occurrence duly licensed Chicago Police Officers They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their official and individual capacities.

5. Defendant City of Chicago ("City") is a municipal corporation incorporated under the laws of the State of Illinois that operates the Chicago Police Department, and, at all times relevant to the events complained of herein, was the employer of Defendant Officers. The City is sued pursuant to the doctrine of *respondeat superior* on the pendant State law claims.

## BACKGROUND

6. In the evening of March 27, 2019 Damarcus Reed was on the sidewalk attending a vigil in the area of 30 N. Latrobe, Chicago, Illinois.

7. Damarcus Reed was standing with his girlfriend.

8. Individuals in the crowd that was gathered started to disburse quickly.

9. Damarcus Reed startled in the moment also began to disburse from where he was standing.

10. A police officer now known as Defendants Collins grabbed Damarcus and pushed

him up against a fence.

11. After forcing Damarcus into the fence, Officer Collins body slammed Damarcus to the ground.

12. In order to justify his actions, Officer Collins claimed that he saw Damarcus drop a gun.

13. Defendant Officers then falsified paperwork to make it appear that Damarcus Reed, dropped a gun before throwing a drink at Officer Collins.

14. Damarcus Reed was charged with an Aggravated unlawful use of a weapon.

15. Damarcus Reed was in Jail until his case was dismissed by federal prosecutors on April 24, 2020.

16. He spent over one year in jail.

17. As a result of the false arrest, illegal search, excessive force and malicious prosecution, Mr. Reed suffered damages, including but not limited to pain and suffering and financial loss.

**Count I**
**42 U.S.C. Section 1983**
**Fourth Amendment – Excessive Force against Defendant Officers**

18. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

19. The actions of Defendant Officers as detailed above, constitutes unreasonable, unjustifiable, and excessive force against Mr. Reed; thus, violating his rights under the Fourth Amendment to the United States Constitution.

20. As a result of the Defendant Officers' misconduct described in this Count, undertaken pursuant to the City's policy and practice as described above, Mr. Reed suffered

injury including physical, financial and emotional harm.

## Count II
## 42 U.S.C. Section 1983
## Fourth Amendment -- Illegal Search and Seizure and False Arrest against Defendant Officers

21. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

22. The search, seizure, and arrest of Mr. Reed; performed willfully, wantonly and unreasonably by Defendant Officers, as detailed above, was in violation of Mr. Reed's right to be free of unreasonable searches and seizure and false arrest under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

23. As a proximate result of the above-detailed actions of Defendants, Mr. Reed suffered injuries including pain and suffering, emotional distress and mental anguish.

24. As a result of the Defendant Officers' misconduct described in this Count, undertaken pursuant to the City's policy and practice as described above, Mr. Reed suffered injury including physical, financial and emotional harm.

## COUNT III – 42 U.S.C. § 1983
## Due Process

25. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

26. Defendant Officers knowingly and intentionally created a story about Damarcus Reed acting as if he was committing a crime and thereafter attacking Collins.

27. Defendant-Officers made out false and incomplete official reports and gave false and incomplete versions of the event to in order to fabricate legal justification for the illegal take down of Mr. Reed and the excessive force used on Mr. Reed.

28. Defendant Officers persisted in the criminal charges and prosecution of Mr. Reed even after learning information that further undermined the criminal charges against Mr. Reed.

29. As described above, Mr. Reed suffered harm and injury as a result of Defendants' conspiracy to deprive her of her constitutional rights.

30. As described more fully above, all of the defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, deprived Mr. Reed of his constitutional right to a fair trial.

31. In the manner described more fully above, the Defendants deliberately fabricated evidence, as well as fabricated false reports, testimony, and other evidence, thereby misleading and misdirecting the criminal prosecution of Mr. Reed.

32. Mr. Reed suffered injury including physical, financial and emotional harm.

## COUNT IV – 42 U.S.C. § 1983
### Fourth Amendment – Failure to Intervene

33. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

34. As described more fully in the preceding paragraphs, during the constitutional violations described herein, one or more of the Defendant Officers stood by without intervening to prevent the misconduct described in this Complaint.

35. As a result of the Defendant Officers' failure to intervene, Mr. Reed suffered pain and injury, including emotional anguish, humiliation, fear, anxiety, and the loss of Mr. Reed's liberty, as is more fully described throughout this Complaint.

## COUNT V – STATE LAW CLAIM
### Malicious Prosecution

36. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

37. As more fully stated above, Defendant Officers caused criminal proceedings

5

against Mr. Reed to be commenced with malice, without probable cause, and knowing that Mr. Reed was not guilty of the crime for which he had been charged.

38. Plaintiff was acquitted of all charges in a manner indicative of Mr. Reed's innocence which fully and finally terminated the case in Mr. Reed's favor.

39. As a direct and proximate result of this illegal and malicious conduct, Mr. Reed suffered extensive damage, including but not limited to physical, emotional, and economic damages.

## Count VI
### Indemnification – City of Chicago - 745 ILCS 10/9-102

40. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

41. At the time of the events described above, the Defendant Officers were employed by the City of Chicago.

42. The Defendant Officers committed the acts alleged above under color of law and within the scope of their employment as employees of the City of Chicago.

## Count VII
### Respondeat Superior

43. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

44. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were employed by and acting as agents of the City of Chicago.

45. Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages and because these defendants acted maliciously, wantonly, or

oppressively, punitive damages against the individual Defendants in their individual capacities plus the costs of this action and attorney's fees, and for such other and additional relief as this court deems equitable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Christopher Smith
Attorney for Plaintiff